The Chancellor.
I am embarrassed how to decide this cause, from the fact that, from the manner in which the evidence is taken, I am not perfectly satisfied that I have a correct impression of the facts of the case.
The parties entered into a contract, by which the defendant agreed to furnish the complainant with clay, on board his boats at Amboy, at eighty cents a load, ten bushels to the load. The agreement was to last seven years. The clay was to he delivered, from time to time, while the navigation was open. Three thousand loads were to be delivered the first year, and five thousand loads each year for the following six years. As the clay should he delivered on the boats, the complainant was to give his notes, payable at four months. If at any time, when the navigation closed, there should be any clay out of the bank ready for delivery, the complainant was to give his Jiote for the same at four months. The defendant agreed that he would not sell any clay to any one else than the complainant during the said seven years, except to William Warner, of Troy; and in case he should do so, then he agreed to pay to the complainant twenty cents on the dollar for each dollar’s worth of clay so sold.
The hill states, that the first year the defendant delivered the three thousand loads of clay, according to contract; that about the twenty-third day of November, 1855, which was the fourth month of the second year of the contract, the defendant refused to deliver any more clay, and that this was the first time there was any breach of the contract. The hill further alleges, that the defendant-sold large quantities of clay, from time to time, to other *308 persons than the said complainant and William Warner, and l’efnsed to pay the complainant the percentage of twenty cents on every dollar’s worth so sold. The bill does not aver that the complainant fulfilled his part of the contract in the manner the agreement stipulates, but avers “ that the complainant hath always, from the time of entering into the said contract, conformed to the terms and stipulations thereof, and paid and satisfied the defendant for all the clay delivered to him.” The bill prays that the defendant may be compelled specifically to perform his part of the agreement.
The defendant admits the agreement, and avers his willingness to perform his part of it. He admits his refusal to deliver clay to the complainant, as stated in the bill, and justifies his refusal on the ground that the complainant neglected and refused to give his notes, as was stipulated in the agreement. He admits selling clay to other persons. He states the quantity, and alleges that he paid the percentage to the complainant, which he accepted.
How it is evident I cannot decree a specific performance of this agreement by the defendant, unless the complainant shows clearly that he has performed his part of the agreement by giving his notes in the manner provided, or some equivalent, which the defendant accepted. He does not allege that he gave his notes, and does not prove that he gave them. He alleges that he paid for the clay. He produces no receipt of a single payment; but he relies upon such evidence as this: when the defendant was called upon by one his workmen for money, and asked for an order upon the complainant, the defendant said he did not know that the complainant owed him anything. He attempts to show, from circumstances, that the clay was paid for. It was admitted, on the argument, that the clay was not paid for without the defendant’s giving a credit of $572 for the percentage due the complainant for clay sold to other persons. Yet tbe complainant al *309 leges, in Ms bill, that he has performed his part of the contract, and that the defendant has never paid him a dollar of this percentage. There were books of account referred to on the argument, but I have seen none. But I certainly cannot go through this evidence, and state an account between the parties for the purpose of ascertaining how the account stands. From reading the complainant’s bill, it certainly never could be supposed that he relied upon such evidence as he has produced to show that he had performed his part of the agreement. It -was his duty to show clearly that he had performed his part of the agreement, or to have offered some excuse, which a court of equity would accept, for nonperformance. If he did not give his notes, but relied upon a running account between himself and the complainant to show that he had satisfied the defendant for the clay that had been delivered, he should hayedo stated in his bill. The answer denies that the complainant fulfilled his part of the agreement by paying for the clay, and I cannot say that I am satisfied, from the evidence, that the answer in this respect is not true.
The bill alleges that the three thousand loads of clay were delivered the first year. It does not allege that the complainant gave his notes for the same, as it was delivered according to the contract, nor does it state how it was paid for. The answer, on the contrary, states that, from the date of the contract to the close of navigation, the complainant carried away seventeen hundred and thirty-eight loads of clay only; that there was taken from the clay bank, and ready for delivery, a large quantity, which the complainant refused to take, and refused to give Ms note for, according to the contract. The answer, in this respect, is sustained by the proofs in the cause. The complainant produces an account, by which it appears that he carried away, up to the close of navigation, seventeen hundred and thirty-eight loads, the quantity mentioned in the answer. Johnson, one of the complainant’s main wit *310 nesses, swears that at the close of navigation there was a large quantity of clay there, not taken away for want of boats. Mills, another of complainant’s witnesses, says there was enough there to fill two small vessels. Karns says six or seven hundred loads remained there till spring. Clark asked complainant if he was not going to take the clay away; he replied that he had all the clay he wanted. The complainant was hound to give his note for this clay : that was the contract. He has not proved that he gave his note for it, or paid for it in any other way. The complainant, after stating in his bill that the defendant promptly fulfilled his part of the contract until November, 1855, when, the hill alleges the defendant refused to deliver any more clay, has produced a great bulk of evidence for the purpose of showing that, in the summers of 1854 and 1855, the defendant did not deliver the clay promptly. This evidence must all be thrown aside. There is no such issue made by the pleadings, and it is directly contradictory to the allegations of the bill. This contract is one of which the court may properly decree a specific performance, if a default is clearly made out. There can be no adequate compensation in damages, at law, for the breach of such a contract. Its profits, depending upon future events, canpot be correctly estimated by a jury, but must he a matter of mere conjecture.
The case of Buxton v. Leiter and Cooper (3 Atk. 383) was on a bill filed for the specific performance of the following agreement: “ M. L. and J. O. have agreed with J. B. for the purchase of all those several large parcels of wood, consisting of oaks, ashes, elms, and asps, which are numbered, figured, and cyphered, standing and being within the township of K., for the sum of ¿£3050, to be paid at six several payments, every lady-day, for the six following years, and L. and O. to have eight years for disposing of the same; and that articles of agreement shall be drawn and perfected, as soon as conveniently can be, with all the usual covenants therein to be inserted *311 concerning the same.” It was determined that while, as a general rule, the court will not entertain a bill for a specific performance of contracts for chattels, or which relate to merchandise, but leave it to law, where the remedy is much more expeditious, yet in that case the agreement not being final, but to be made complete by subsequent acts, a bill to carry it into execution would be allowed. Lord Hardwick, in giving his opinion, cited the case of Taylor v. Neville, which was for performance of articles for sale of eight hundred tons of iron, to be paid for in a certain number of years, and by instalments; and a specific performance was decreed. He remarked, that such sort of contracts as these differ from those that are immediately to be executed. He mentioned several cases, as illustrating the exception to the general rule. A man may contract for the purchase of a great quantity of timber, as a ship carpenter, by reason of the vicinity of the timber, and this would be a great advantage on the part of the buyer. On the part of the seller there may be a peculiar convenience and advantage in the bargain, as suppose a man wants to clear his land, in order to turn it to a particular sort of husbandry; there nothing can answer the justice of the ease but the performance of the contract in specie. Lord Hardwick also cited a case of the Duke of Buckinghamshire v. Ward, where a bill was brought for a specific performance of a lease relating to alum works, and the trade thereof, which would be greatly damaged if the covenant was not performed on the part of Ward. The covenants lay there in damages; the court decreed a specific performance, because they considered, if they did not make such a decree, an action would not afterwards answer the justice of the case.
But I cannot decree in favor of the complainant in this case, because he has not made it clear that there is such a default on the part of the defendant as will justify the court’s interference. The defendant was right in refusing to deliver the clay, unless the complainant complied with *312 the terms of the contract in paying for it as it was delivered. He places his refusal on this ground, and there lie has a right to stand, until the complainant shows it is without foundation.
I shall dismiss this bill without prejudice to the complainant. The defendant admits the contract. If he fails in future to perform it, I will not close the doors of this court against the complainant.